STATE OF MAINE

KENNEBEC, ss.

RECEIVED AND FILED
IN THE SUPERIOR COURT

2009 JAN 20  P 3: 52

CLERK OF COURTS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-08-26
JMJ - KEN - 1/20/2009

ALBERT ALTHENN,

Petitioner

v.                                                                    DECISION

TOWN OF CHINA CODE
ENFORCEMENT OFFICER
SCOTT PIERZ,

Respondent


Before this court is an appeal pursuant to M.R. Civ. P. 80B from the decision of the Board of Appeals for the Town of China affirming the decision of the town's Planning Board to grant Joseph Sears a subdivision permit.

Facts

On March 7, 2006, Joseph Sears applied to the Town of China Planning Board for approval of an existing subdivision. The application was discussed at a meeting on March 14, 2006. The Planning Board determined that the proposed subdivision should be classified as a major subdivision. On March 7, 2007, Mr. Sears requested the Planning Board place his application on the next agenda. At the meeting on March 13, 2007, Mr. Sears' engineer, Rick Pershken, handed out a sketch plan seeking approval of an expanded 10-lot subdivision.

The subdivision proposal was not finally reviewed and approved until the September 11, 2007 meeting of the Planning Board. During this time period, a new ordinance was adopted. By letter dated July 9, 2007, Mr. Sears' engineer, Rick Pershken, requested a waiver of the new road standards, which were incorporated into the subdivision ordinance. The request for a waiver was granted at the August 14, 2007

Planning Board meeting. The subdivision plan itself was approved a month later at the September 11, 2007 Planning Board meeting. Mr. Althenn appealed the decision to the Board of Appeals by notice dated October 11, 2007. The Appeals Board denied Mr. Althenn's appeal on March 12, 2008. From this decision, the petitioner has filed this 80B appeal.

Discussion

In his brief, the petitioner raises three issues. The first issue he raises is that he did not get notice of the proceedings.

The second issues he raises is that the waiver of the road standards by the Planning Board was inappropriate under the facts of the case.

The third issue he raises is a conflict of interest of one of the China Planning Board members.

The court finds and concludes that the first argument raised by the petitioner is without merit because the petitioner did receive notice of all of the hearings in this matter. In this argument, the petitioner also contends that the application for the approval of the subdivision was incomplete and, therefore, since there was an incomplete application, the matter was never properly litigated. In this case the record is very clear that the Planning Board did approve a subdivision plan and, therefore, the plan was based on a completed application. This is implicit by the very fact that it approved the plan.

The second issue which the respondent raises concerns the town's waiving of the road standards pursuant to its ordinance. The ordinance in question indicates that if the Planning Board finds, "either (1) extraordinary difficulty may result from strict compliance with its provisions, or (2) that there are special circumstances of the particular plan," it may waive any of the subdivision's provisions except lot size. The

petitioner argues that the appellant has failed to show undue hardship, however this is not the proper standard of review in this particular case. The court finds there is sufficient evidence presented to the Planning Board justifying its waiver either on the grounds of extraordinary difficulty or special circumstances. There is sufficient evidence on the record to support the Planning Board's decision in this regard.

The third issue raised by the petitioner is one of the board member's alleged conflict of interest. First of all, this was never raised before the Planning Board and was therefore not preserved for review. Nevertheless, the board member in question notified the Board of his potential conflict of interest and recused himself from voting.

For all reasons stated above, the court hereby DENIES the petitioner's 80B appeal. This matter is REMANDED to the Town of China for further action.

Dated: January 20, 2009

Joseph M. Jabar
Justice, Superior Court

Date Filed ___4/14/08___    ___Kennebec___    Docket No. ___AP-08-26___
County

Action ___80(B)___

# J. JABAR

ALBERT ALTHENN                    vs.  TOWN OF CHINA   BOARD OF APPEALS

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| John O'Donnell, Esq.<br>160 College Ave<br>Waterville, Maine | Alton C. Stevens, Esq.<br>44 Elm Street<br>Waterville, Maine 04901 |

| Date of Entry | |
|---|---|
| 4/14/08 | Complaint and summary sheet and summons filed. s/O'Donnell, Esq. |
| 4/16/08 | Amended summons filed by Atty O'Donnell. |
| 5/13/08 | Amended complaint of petitioner, Albert Althen against the Town of China code enforcement office Scott Pierz regarding appeal of the Joseph Sears subdivision. Filed by Atty O'Donnell. |
| 6/11/08 | Acknowledgement of Receipt of Summons and Amended Complaint, filed. s/ Stevens, Esq. |
| 7/1/08 | Def's motion to dismiss filed by Atty Stevens. |
| 7/8/08 | Plt's objection to def's motion to dismiss 80b complaint and Plt's motion for extension of time to file briefs and the record filed by Atty O'Donnell. |
| 8/4/08 | DEFENDANT'S MOTION TO DISMISS, Jabar, J.<br>Motion denied.<br>Copies mailed to attys. of record<br><br>ORDER, Jabar, J.<br>Upon a showing of good cause, plaintiff is allowed an additional 30 days, until 6, 2008, within which to file a brief as required by Rule 80B (g).<br>Copies mailed to attys. of record. |
| 8/8/08 | Brief of Complainant, filed. s/O'Donnell, Esq. |
| 8/20/08 | **NOTICE AND BRIEFING SCHEDULE ISSUED.**<br>Copies mailed to attys. of record. |
| 9/10/08 | Defendant's Motion to Extend Date by Which Brief Must be Filed. s/Stevens,Esq<br>Proposed Order, filed. |
| 9/11/08 | ORDER, Jabar, J.<br>it is hereby ordered that the date by which defendant's brief is due is extended to September 29, 2008.<br>Copies mailed to attys. of record. |

| Date of Entry | Docket No. _____ |
|---|---|
| 9/29/08 | Supplemental Record, filed. s/Stevens, Esq.<br>Defendant Town's Brief, filed. s/Stevens, Esq. |
| 12/30/08 | Oral arguments set for 1/8/09 at 9:00 a.m.<br>Notice mailed to attys. of record. |
| 1/8/09 | Hearing held with Hon. Justice Joseph Jabar, presiding.<br>John O'Donnell, Esq. for the Petitioner and Alton Stevens, Esq. for the Respondent.<br>Oral arguments made to the court. Court to take matter under advisement. |
| 1/22/09 | DECISION, Jabar, J. (1/20/09)<br>For all reasons stated above, the court hereby DENIES the petitioner's 80B appeal. This matter is REMANDED to the Town of China for further action.<br>Copies mailed to attys. of record.<br>Notice of removal of record mailed to AAG |